UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTHONY HUNT,

    Plaintiff,

v.                                                                                  Case No. 09-14368

STATE OF MICHIGAN, et. al.,

    Defendants,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

    Plaintiff Anthony Hunt, a state inmate currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a pro se civil rights complaint, pursuant to 42 U.S.C. § 1983. The court granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his pro se complaint, Plaintiff names the State of Michigan as one of the defendants. He also alleges that he is suing other defendants but fails to name those defendants. For relief, Plaintiff seeks release from prison and an order imposing punitive damages against the State. Having reviewed the complaint, the court dismisses it for failure to state a claim upon which relief may be granted. The court also concludes that an appeal cannot be taken in good faith.

**I. DISCUSSION**

    Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  The court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit.  See 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  See *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. See *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  A pro se complaint is not viewed in the same light as one drafted by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) ("[W]e hold [the pro se complaint] to less stringent standards than formal pleadings drafted by lawyers . . . ."); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("[A]llegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief can be granted."); *cf. McNeil v. United States*, 508 U.S. 106, 113 (1993) ([F]ederal courts "have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Taking fully into account the less stringent pleading standard regularly

accorded pro se plaintiffs, the court finds nonetheless that Plaintiff's complaint must be dismissed.

Plaintiff's complaint is subject to dismissal, because he challenges his continued imprisonment, requesting that the court "vacate Petitioner's conviction," which fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement. See *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) Under *Heck*, a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* This holds true regardless of the relief sought by the plaintiff. *Id.* at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff appears to be arguing that his arrest was illegal, and, therefore, he is imprisoned illegally. It is Plaintiff's position that "the State knew or should have known

1) that the arrest and evidence seize[d] was tainted by [the] warrantless entry into a private home and 2) that the State conviction of [a] mentally ill/diminsh[ed] capacity person was illegal." (*See* Compl. 3.)  Plaintiff also alleges that the State ordered an evaluation and stipulated to the findings of that evaluation but withheld the results from him and from defense counsel.  It is because of those facts that Plaintiff contends that he has been incarcerated in violation of his constitutional rights.

Considering Plaintiff's statement of facts as stated, the court concludes that he is challenging the validity of his continued confinement.  Plaintiff has thus failed to state any claims upon which relief may be granted under 42 U.S.C. § 1983; his claims are barred by *Heck* and must be dismissed.

Furthermore, Plaintiff has failed to properly identify the names of some of the defendants and has failed to provide the court with their proper addresses.  Where a plaintiff is proceeding in forma pauperis, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants *once the plaintiff has properly identified the defendants* in the complaint.  *Williams v. McLemore*, 10 Fed. Appx. 241, 243 (6th Cir. 2001); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

Accordingly, the court will dismiss Plaintiff's complaint, as it fails to state a claim.

## II. CONCLUSION

IT IS ORDERED that the complaint is DISMISSED.  Additionally, the court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: November 30, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2009, by electronic and/or ordinary mail.

        s/Lisa Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522