**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

ANTHONY HUNT,

    Plaintiff,

v.                                                                                               Case No. 09-14368

STATE OF MICHIGAN, et al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTIONS AND
DISMISSING THE AMENDED COMPLAINT**

Pending before the court are Plaintiff's "Request to Amend Complaint" and request to "Amend[] Application/In the Alternative Motion in Opposition of *Sua Sponte* Dismissal of Bivens and 1983 Civil Rights Complaint Or In Further Alternative Notice of Appeal," regarding the court's November 30, 2009 opinion and order dismissing his 42 U.S.C. § 1983 civil rights complaint for failure to state a claim. (11/30/09 Order Dismissing Case.) The requests were filed with the court on December 3 and 11, 2009.[1] Plaintiff has also filed an amended complaint. The court will construe Plaintiff's requests as a motion for reconsideration, and, in the alternative, as a notice of appeal, regarding its dismissal of his *pro se* § 1983 civil rights complaint. For the reasons stated below, the court will deny the motion for reconsideration and dismiss Plaintiff's amended complaint.

---

      [1]Plaintiff's requests were docketed as entries seven and ten. It is unclear why the numbering sequence is out of order.

To the extent that Plaintiff seeks to amend his complaint in order to cure a defect in his initial pleadings, his motion must be denied given the court's dismissal of his civil rights complaint. The court may not permit Plaintiff to amend his complaint to defeat summary dismissal. *See Clayton v. U.S. Dep't of Justice*, 136 F. App'x 840, 842 (6th Cir. 2005). Therefore, if Plaintiff is requesting leave to amend his complaint, then he cannot do so; Plaintiff's motion comes too late as the case is closed. The court therefore addresses Plaintiff's request as a motion for reconsideration.

A motion for reconsideration must be filed within fourteen days after entry of the court's judgment or order. *See* E.D. Mich. LR 7.1(h)(1). Plaintiff signed his motion on December 7, 2009–seven days after the court's judgment. His motion for reconsideration is therefore timely.

However, Plaintiff's motion fails to satisfy the requirements for reconsideration under both Fed. R. Civ. P. 59(e) and E.D. Mich. LR 7.1(h)(3). First, under E.D. Mich. LR 7.1(h)(3), Plaintiff has not shown a "palpable defect by which the court . . . [has] been misled" or shown "that correcting the defect will result in a different disposition of the case," as required by the local rule. The court properly dismissed the case because, as stated more fully in the court's opinion and order, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See Hunt v. State of Michigan*, No. 09-14368, 2009 WL 4577295 (E.D. Mich. Nov. 30, 2009). A motion for reconsideration which presents issues already ruled upon by the district court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F.

Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Here, Plaintiff has not met his burden.

Second, even if the court considers Plaintiff's request as one brought under Fed. R. Civ. P. 59(e), he is not entitled to relief. A motion brought under Rule 59(e) requests that the court reconsider matters properly encompassed in a decision on the merits. *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982). A court may grant a motion under Rule 59(e) if there is a need to address (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, and (4) the prevention of manifest injustice. *Whitehead v. Bowen*, 301 F. App'x 484, 487 (6th Cir. 2008) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). In this case, Plaintiff has made no such showing. His civil rights complaint was properly dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Thus, the court denies Plaintiff's requests.

Finally, regarding Plaintiff's notice of appeal, the judgment was entered on November 30, 2009. Under the rules, Plaintiff has thirty days, or until December 30, 2009, in which to file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). Plaintiff's appeal is therefore timely. However, because Plaintiff is appealing a dismissal of an action brought pursuant to § 1983, it is not necessary for him to obtain a certificate of appealability. *Johnson v. CCA-Northeast Ohio Corr. Ctr.*, 21 F. App'x 330, 332 (6th Cir. 2001) (citations omitted).

Accordingly, IT IS ORDERED that Plaintiff's "Request to Amend Complaint" and "Amended Application/In the Alternative Motion in Opposition of *Sua Sponte* Dismissal of Bivens and 1983 Civil Rights Complaint, Or In Further Alternative Notice of Appeal"

3

[Dkt. ## 6 & 7] are DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Amended Prisoner Civil Rights Complaint" [Dkt. # 10] is DISMISSED.

IT IS FURTHER ORDERED that any future motions filed by Plaintiff will be stricken. This case is closed.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 14, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 14, 2010, by electronic and/or ordinary mail.

    S/Deborah J. Goltz
Case Manager